## Cluck v. Geigley

*Donald M. Swope,* for plaintiffs.
*Robert W. Geigley, p.p.,* for defendant.

MacPHAIL, P. J., September 29, 1972.—Plaintiffs in this action obtained a judgment against Henry D. Geigley and Robert W. Geigley (defendant herein) in an assumpsit action before a district justice of the peace. Thereafter, within six days of that judgment, defendant, who is a practicing lawyer, filed a paper with the prothonotary entitled "Appeal of Judgment of Justice of the Peace." This paper recited that a judgment had been taken before the justice of the peace, that the judgment was "against the evidence, the weight of the evidence, the law, and the testimony of the plaintiffs at the hearing." Then follows the last paragraph which states, "The Defendant appeals the decision of the Magistrate to the Court of Common Pleas on the law and the facts, and asks for a hearing de novo."

That paper with a copy thereof was deposited with the prothonotary, together with a filing fee, and defen-

dant alleges that he left instructions with the prothonotary for service to be made through the office of Donald M. Swope, Esq., attorney for plaintiffs, "as is customary in local practice."

Thereafter, plaintiffs filed a praecipe with the prothonotary to strike the appeal because defendant failed to file with the prothonotary proof of service of copies of the appeal and proof of service of a rule to file a complaint within five days after filing notice of the appeal. There was no notice of this action by plaintiffs given to defendant. Acting on the praecipe, the prothonotary struck off the appeal.

Defendant then filed a petition with a rule requested to show cause why the prothonotary's action should not be stricken and declared invalid, the appeal reinstated, plaintiffs directed to acknowledge acceptance of service and notice of appeal, and further requesting that a rule be issued upon plaintiffs to show cause why they should not file their complaint within five days after service of the rule. Plaintiffs filed an answer to the petition and the matter was heard on oral argument since there were no facts in dispute.

For the reasons which follow, the defendant's petition will be denied. Pa. R. C. P. J. P. 1001-1008 govern the proceedings in this matter. Defendant's "Appeal of Judgment of Justice of the Peace" does not comply with the provisions of those rules. Rule 1004(B) *requires* appellant to file *with* his notice of appeal a praecipe requesting the prothonotary to enter a rule as of course upon the appellee to file a complaint within 20 days of service of the rule. This was not done. Rule 1005(B) *requires* appellant to file with the prothonotary proof of service of copies of his notice of appeal and proof of service of a rule upon appellee to file a complaint under Rule 1004(B) and it is further provided that these matters shall be filed within five days

after filing notice of the appeal. Again, this was not done in this case.

Defendant's contention is that service was effected because a copy of the "appeal" was placed in the attorney's box in the prothonotary's office for appellee's attorney. The question raised in this proceeding is not whether service was had but rather whether the requisite proof of service was filed. As we have noted, this was not done.

Rule 1006 provides that where appellant fails to comply with the provisions of Rule 1005(B), the prothonotary, upon praecipe, shall mark the appeal stricken. In this case that is exactly what was done. There is no provision in that rule that notice of the prothonotary's action must be given to appellant. The provisions of this rule conform to case law in effect prior to the enactment of the rule. See Spaiden v. Tuskan, 31 D. & C. 411 (1937).

Defendant did not comply with the rules governing an appeal from a judgment of the justice of the peace. The rules were promulgated to correct deficiencies in the Minor Judiciary Court Appeals Act of December 2, 1968, (No. 355) 42 PS §3001. That statute was enacted to make uniform the procedure relating to appeals from decisions of the minor judiciary. To make exceptions in this procedure now would be unwise even if permissible, and in view of the mandatory character of the rules here violated we feel that exceptions are impermissible in the absence of fraud or its equivalent: Philadelphia v. Rohm and Haas Company, Inc., 5 Com. Court 287 (1972).

## ORDER OF COURT

And now, September 29, 1972, defendant's petition is refused.